UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

   -Against-

MANUEL CONCEPCION,
a/k/a Santiago Figueroa,

                Defendant.
----------------------------------------------------------------X

SENTENCING MEMORANDUM
07-CR-866 (JSR)

`

Joseph A. Bondy, Esq.
(JB-6887)
401 Greenwich Street
Fifth Floor
New York, New York 10013
Attorney for Mr. Concepcion

1

THE LAW OFFICES OF
JOSEPH A. BONDY

JOSEPH A. BONDY

OF COUNSEL
ROBERT FOGELNEST*
HILARY SEMEL

*ADMITTED IN NY & PA

401 GREENWICH STREET
FIFTH FLOOR
NEW YORK, NY 10013
TEL 212.219.3572
FAX 212.219.8456

JOSEPH@BONDYLAW.COM
WWW.BONDYLAW.COM

June 3, 2008

By ECF and Hand
Hon. Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    United States v. Manuel Concepcion, 07-CR-866-03 (JSR)

Dear Judge Rakoff:

    Counsel submits the following memorandum on behalf of the Defendant, Manuel Concepcion, whose sentencing is to occur on June 9, 2008. It is respectfully submitted that, in this case, a sentence at the low end of the advisory Guidelines range would satisfy the objectives of punishment under 18 U.S.C. § 3553(a)(2).

    **Procedural Background**

    On August 30, 2007, Mr. Concepcion was arrested. On February 21, 2008, he pled guilty to a Two Count Indictment, charging him with conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. 846, and distributing and possessing with intent to distribute heroin, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B).

### **Advisory Sentencing Guidelines Calculations**

The PSR calculates Mr. Concepcion's Criminal History Category to be II, and his total adjusted offense level to be 25, as follows: (1) The base offense level applicable to his 100-400 gram heroin offense, U.S.S.G. § 2D1.1(c)(7), is 26; (2) two levels are added for obstruction of justice, U.S.S.G. § 3C1.1; and (3) three levels are subtracted for acceptance of responsibility. U.S.S.G. §3E1.1.

The resulting Guidelines range is 63 to 78 months' imprisonment, the applicable mandatory minimum sentence is 60 months, 21 U.S.C. § 841(B)(1)(b), and counsel is constrained from arguing the factors set forth at 18 U.S.C. § 3553(a) as warranting a sentence below the Guidelines.

### **Offense Conduct**

Mr. Concepcion engaged in a 123-gram heroin transaction with his co-defendants. He was arrested, and has been detained since. (See PSR ¶¶ 20-23).

### **Mr. Concepcion's Personal and Family Background**

Submitted as Exhibit A [ECF REDACTED] are pictures of Mr. Concepcion, along with his wife and children at various important events in their lives. The family is close, and they are all devastated from his absence in their home and lives. Mr. Concepcion's family and friends have written numerous letters on his behalf, set forth in full as Exhibit B [ECF REDACTED]. The family letter and pictures confirm the important place that Mr. Concepcion has had in his family's development.

Mr. Concepcion was born on November 2, 1967, in the Dominican Republic. (PSR ¶47). Mr. Concepcion is the fifth of seven siblings. His father died when he was young, and his mother and siblings all currently reside in Santo Domingo. (PSR ¶¶ 48-52). He is not a United States citizen, and faces deportation at the end of his sentence.

Since 1991, Mr. Concepcion has been romantically involved with Jordania Hidalgo. They have three minor children together, [ECF Redacted]. (PSR ¶¶ 54-56). Mr. Concepcion has worked in various jobs throughout his life, and for the years before his arrest was employed principally in construction. (PSR ¶ 64-70).

### **Low end of the Guidelines under 18 U.S.C. § 3553(a)**

Mr. Concepcion respectfully requests that the Court sentence him to 63 months—the lowest sentence counsel is permitted to request under the terms of his plea agreement. The United States Probation Office joins in this suggestion. (See PSR at p. 16).

Title 18, United States Code, § 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." These are: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. § 3553(a) also directs courts to consider the nature and circumstances of the offense and history and characteristics of the offender, the kinds of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty for similar conduct, and the need to provide restitution to any victims of the offense.

Here, the "nature and circumstances of the offense" were serious, involving the sale of over 100 grams of heroin. Nevertheless, it was a straightforward offense with no aggravating elements. There were no firearms possessed, nor acts or threats of violence. Mr. Concepcion participated in a simple heroin transaction.

Looking at the "history and characteristics of the offender," Mr. Concepcion is a father of three young children, and a devoted husband. He was present in his children's life, and had a daily role in his family's well being. Their letters demonstrate devastation at Mr. Concepcion's involvement in the offense and arrest. They also ring with the losses that each individually suffers through their separation. Mr. Concepcion, unable to meaningfully assist his family while imprisoned, is suffering too. His circumstances are sufficient to prevent and to punish, but he can neither rehabilitate himself nor provide for or protect his children while he is incarcerated.

Given Mr. Concepcion's personal circumstances, it is respectfully submitted that a sentence at the low end of the advisory Guidelines is warranted under 18 U.S.C. § 3553(a).

3553(a) also requires that the Court consider whether the sentence imposed reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. Id. at § 3553(a)(2)(A). Mr. Concepcion accepts responsibility for his actions. Imposing a sentence at the low end of the advisory Guidelines in this case would be more than sufficient to promote respect for the law and just punishment for the offense.

Mr. Concepcion stands before the Court remorseful for what he did, not merely because he has been caught, but as a person who honestly accepts responsibility for his wrongs and how they affected his community, family, and self. A lengthy sentence of incarceration, imposed against a father, with a wife and three young children, who is the primary provider for his family and their source of

emotional strength is not necessary to promote respect for the law and provide just punishment.

3553(a)(2)(B) provides that a sentence should "afford adequate deterrence to criminal conduct," while § 3553(a)(2)(C) provides that a sentence should serve to "protect the public from further crimes of the defendant." Mr. Concepcion has been deterred. He will not commit future criminal activity, and the public is safe. Accordingly, a sentence to the low end of the advisory Guidelines would satisfy the objectives of deterrence and protection.

3553(a)(2)(D) directs a court to impose a sentence sufficient to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Mr. Concepcion worked and made a decent living for his family in construction. He will be deported at the end of his sentence, and does not need educational or vocational training. He does not require medical treatment. Furthermore, "imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). There is no reason to continue his incarceration on any of these grounds.

3553(a)(3)-(7) require a court to evaluate "the kinds of sentences available," "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines," "any pertinent policy statements," "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any victims of the offense." Here, Mr. Concepcion's case and life circumstances, the devastating impact that jail is having upon his family, and the terms of his plea agreement make a sentence at the low end of the advisory Guidelines sufficient to honor the remaining statutory considerations.

### Conclusion

It is respectfully requested that Your Honor sentence Mr. Concepcion to the low end of the advisory Guidelines, along with any other relief that is necessary.

Respectfully submitted,
*Joseph A. Bondy*
Joseph A. Bondy

cc:   AUSA Marissa Mole
      (By ECF and Hand)